

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 22, 2003

The Honorable William C. Bennett, Jr.　　　Opinion No. GA-0117
Criminal District Attorney
Madison County, Texas　　　　　　　　　Re: Whether a county jail inmate may be
101 West Main, Room 207　　　　　　　　employed privately by county jail personnel
Madisonville, Texas 77864　　　　　　　　(RQ-0053-GA)

Dear Mr. Bennett:

You ask whether an inmate sentenced to serve time in county jail, or sentenced to the Institutional Division of the Texas Department of Criminal Justice ("TDCJ") but "bench warranted" to serve time in county jail, may be employed privately by county jail personnel.[1]

Your question concerns the employment of an inmate sentenced to the Institutional Division of TDCJ by a Madison County district court. The inmate was transferred back to the Madison County jail to serve his sentence as a trusty. The inmate volunteered to launder jailers' uniforms in his spare time. The jailers pay the inmate a gratuity for this service, depositing between one and five dollars in the inmate's commissary account. The inmate launders the jailers' uniforms using the county's washing machine, dryer, detergent, water, and iron.

At the request of the county sheriff and county auditor, you ask whether an inmate sentenced to serve time in county jail, or sentenced to TDCJ confinement but bench warranted to serve time in county jail as a trusty, may render compensated services to jailers. Request Letter, *supra* note 1, at 1-2. In particular, you inquire whether chapter 497 of the Texas Government Code, concerning Texas Correctional Industries ("TCI"), authorizes this practice. *Id.* You acknowledge that the inmate's informal laundry work would not comport with any of the formal requirements of a TCI program. Nevertheless, you suggest that the inmate's informal employment will provide the inmate with suitable vocational training and rehabilitation, develop his work ethic, and provide for his maintenance, thereby serving the stated purposes of a TCI program. *See* TEX. GOV'T CODE ANN. § 497.002 (Vernon Supp. 2003) (stating purposes of TCI).

---

[1]Letter from Honorable William C. Bennett, Jr., Criminal District Attorney, Madison County, Texas, to the Office of the Attorney General, at 2 (Apr. 30, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

Chapter 497 provides the statutory authority to use TDCJ inmate labor in TCI and private sector programs. *Id.* §§ 497.001-.113 (Vernon 1998 & Supp. 2003).[2] TDCJ operates TCI programs at suitable correctional facilities. *Id.* § 497.002(b) (Vernon Supp. 2003). Private sector programs must operate under the rules promulgated by the Private Sector Prison Oversight Authority, consistent with the standards of the federal prison enhancement certification program of 18 U.S.C. § 1761. TEX. GOV'T CODE ANN. §§ 497.051(a), .057 (Vernon 1998 & Supp. 2003); 18 U.S.C. § 1761 (2002). These chapter 497 work programs are subject to exacting statutory and administrative regulation, such as the standards that govern inmate compensation. *See, e.g.,* TEX. GOV'T CODE ANN. §§ 497.004(a) (Vernon Supp. 2003) (inmate pay scale requirements), 497.058 (payment of prevailing wages), 497.060 (workers compensation); 37 TEX. ADMIN. CODE § 245.30 (2003) (distribution of participant's wages). Nothing in chapter 497 or related administrative rules recognizes informal work arrangements such as you describe. While an inmate's informal employment arguably could serve the stated purposes of chapter 497, it does not follow that such a practice is statutorily authorized. *See Tijerina v. City of Tyler,* 846 S.W.2d 825, 827 (Tex. 1992) (a court may not rewrite a plainly worded, unambiguous statute on the ground that the statute is insufficient to effectuate sound public policy); *Rylander v. Fisher Controls Int'l, Inc.,* 45 S.W.3d 291, 299 (Tex. App.–Austin 2001, no pet.) (a court may not expand the scope of a statute based on its own notions of public policy). Chapter 497 cannot be construed to authorize employment of inmates outside of formal TCI and private sector programs. The statutes establishing formal work programs for TDCJ inmates do not authorize informal inmate employment.

Like chapter 497, which governs TDCJ labor, the statutes that authorize work programs for jail inmates do not sanction informal inmate employment. Under the Code of Criminal Procedure, persons sentenced to jail are expected to work in a county jail industries program or do manual labor according to the terms of article 43.10. TEX. CODE CRIM. PROC. ANN. art. 43.10 (Vernon Supp. 2003). By statute, county jails must operate under minimum standards promulgated by the Texas Commission on Jail Standards. TEX. GOV'T CODE ANN. § 511.009(a)(1)-(3) (Vernon 1998) (duties of Commission to promulgate standards); TEX. LOC. GOV'T CODE ANN. § 351.002 (Vernon 1999) (requiring county jails to comply with minimum standards). The Commission has promulgated standards regulating the work assignments of county jail inmates, such as the limitation on the hours in an inmate's workweek. *See* 37 TEX. ADMIN. CODE §§ 289.1-.5 (2003). None of these statutes and administrative rules sanction informal private inmate work arrangements.

---

[2]The Seventy-eighth Legislature amended chapter 497 of the Texas Government Code, but those amendments do not affect the subject matter of this opinion: Act of May 16, 2003, 78th Leg., R.S., ch. 818, § 6.07, 2003 Tex. Sess. Law Serv. 2557, 2566 (to be codified as an amendment to TEX. GOV'T CODE ANN. § 497.094(b)); Act of May 28, 2003, 78th Leg., R.S., H.B. 1372, §§ 1-5 (to be codified as amendments to TEX. GOV'T CODE ANN. §§ 497.024, .058, .0581(a), .059, .062); Act of June 1, 2003, 78th Leg., R.S., S.B. 287, §§ 33.01-.02 (to be codified as amendments to TEX. GOV'T CODE ANN. §§ 497.052(a), .053).

## S U M M A R Y

A county jail inmate may not be employed privately by county jail personnel.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee